UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON G. LOPEZ OWNER & EXECUTOR & TRUSTEE & ADMINISTRATOR OF THE JOHN R. DUNSTAN ESTATE AND LIVING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MORLEY 25 LLC/LP, HALLA ELSINEITTI, ANTHONY LANG, RAEA LANG, JAMES CAPUTO, TARA BURD, STUART FURMAN, MICHAEL CONTRERAS, AND ANDREW GREEFFIN,<br><br>Defendants. | Case No.:  23-cv-00591-DMS-JLB<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff Leon G. Lopez has submitted a Complaint (ECF No. 1) along with a request to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)  For the following reasons, Plaintiff's motion to proceed IFP is granted, and Plaintiff's complaint is dismissed.

**A. Motion to Proceed IFP**

Plaintiff's application to proceed IFP indicates his only source of income is his spouse's monthly employment income of $1,400, and retirement of $874 per month. (*Id.*

at 1-2.) Plaintiff reports owning two vehicles, one of which he reports is in the junk yard, and the other salvaged and having a value of $5,000. (*Id.* at 3.) This Court finds Plaintiff's application and affidavit are sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(a). Accordingly, Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

### B. Sua Sponte Screening Under 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

A complaint must have a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). A complaint devoid of this is subject to dismissal for failure to state a claim upon which relief can be granted. *Id.* at 545-55.

///

### 1. Background

Plaintiffs allegations stem from the distribution of the estate of John R. Dunstan, Plaintiff's late son-in-law, and the sale of apartments by that estate. The apartments at issue are located at 2551-2555 Ulric St, San Diego, CA 92101. (*See* ECF No. 1-2 at 5.) Plaintiff alleges Mr. Dunstan's will was falsified by Defendant Halla Elsineitti, therefore the distribution of Mr. Dunstan's estate was improper; and the sale of the Ulric Street property by the estate to Defendant Morely 25, LP was fraudulent. (Compl. ¶ 2.)

Plaintiff brings this action against Morley 25, LP and Halla Elsineitti who "formed a RICO Court Cartel," and attorneys Rachael Callahan, Andrew H. Griffin, James Caputo, Stuart Furman, and Tara Burd. (*See generally* Compl.; Civil Case Coversheet.) Though not named as Defendants in the case caption or civil case cover sheet, Plaintiffs allegations suggest the following individuals are also alleged to be defendants in this matter: Anthony Lang, Rayea Lang, the Honorable Katherine Bacal, the Honorable Julia C. Kelty, and Harold G. Ayer. (Compl. ¶¶ 4, 8, 13.) Plaintiff asks this Court to find that certain Defendants committed forgery, falsification of documents and fraud. Plaintiff further asks this Court to find there to be a "RICO Court Cartel" where Defendants used the courts to launder fraudulent money. Plaintiff additionally asks this Court to order the arrest of Ms. Elsineitti, Mr. Lang, Ms. Lang, and their attorneys for allegedly falsifying Mr. Dunstan's will. (*Id.* ¶ 13.) Plaintiff additionally alleges attorneys Mr. Furman, Ms. Burd, and Mr. Caputo violated their ethical duties as attorneys. (*Id.* ¶¶ 3, 7.) Finally, Plaintiff asks this Court to issue a declaratory judgment that Plaintiff is the owner of the property at issue. (*Id.* ¶ 12.)

### 2. Maliciousness

A "district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Adefumi v. Prosper*, 368 F.Supp.3d 811, 813 (E.D. Pa. 2019) (citation omitted). A claim is malicious when it is "filed with the intention or desire to harm another." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "The test for maliciousness is a subjective one and requires

the court to determine the good faith of the applicant." *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1121 (E.D. Cal. 2009) (cleaned up).

Plaintiff has filed at least fifteen prior lawsuits involving variations of the same parties in this case in San Diego Superior Court. *See, e.g.*, *Morley 25 LP v. Leon Lopez*, 37-2018-00010600-CU-PO-CTL (fraud); *Elsineitti v. Leon Lopez*, 27-2014-00081988-CU-BC-CTL (breach of contract); *Leon Lopez v. Michael Contreras*, 37-2022-00033354-CU-PT-CTL (elder/dependent adult abuse); *Leon Lopez v. Michael Contreras*, 37-2022-00000156-CU-PT-CTL (elder/dependent adult abuse); *Leon Lopez v. Michael Contreras*, 37-2021-00045651-CU-PT-CTL (temporary restraining order); *Elsineitti v. Leon Lopez*, 37-2017-00006633-CU-HR-CTL (harassment); *Leon Lopez v. The State Bar of California and James Caputo*, 37-2016-00036669-CU-MC-CTL (complaint against attorney James Caputo); *Leon Lopez v. The State Bar of California and Harold Ayer*, 37-2016-00036658-CU-MC-CTL (complaint against attorney Harold Ayer); *Leon Lopez v. County of San Diego*, 37-2016-00033771-CU-RI-CTL (civil RICO); *Lopez v. City of San Diego*, 37-2016-00027693-CU-OR-CTL (property dispute); *Leon Lopez v. Janice Hall*, 37-2017-00003411-CU-PT-CTL (temporary restraining order); *Leon Lopez v. Elsineitti*, 37-2016-00023484-CU-MC-CTL (strategic lawsuit against public participation (SLLAP)); *Leon Lopez v. James Caputo*, 37-2016-00021719-CU-MC-CTL (SLLAP); *Leon Lopez v. Elsineitti*, 37-2014-00044097-CU-RI-CTL (civil RICO); *Leon Lopez v. Elsineitti*, 37-2014-00012506-CU-MC-CTL (breach of contract). The Court takes notice of these related San Diego Superior Court Cases.[1]

In addition to Plaintiff's litigation history in San Diego Superior Court, he has developed a record in this Court as well. The claims at issue are not new to this Court. Plaintiff filed a nearly identical lawsuit less than two years ago. *See Leon G. Lopez v.*

---

[1] A "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Technol., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

*Michael Contreras, et al.*, No. 21-cv-1329, ECF No. 1 (S.D. Cal. 2021).  This Court dismissed with prejudice Plaintiff's claims for falsification of documents, forgery, fraud, money laundering, and under the False Claims Act.  *Lopez v. Contreras*, No. 21-cv-1329, 2021 WL 8450443, at *2 (S.D. Cal. Dec. 1, 2021).  The Court dismissed Plaintiff's RICO claim without prejudice, with leave to amend.  *Id.* at *2-3.  Plaintiff makes similar allegations here.

Given Plaintiff's history litigating the same issues in this matter in his prior Superior Court cases, the Court finds Plaintiff is not bringing this lawsuit in good faith.  Indeed, this Court already dismissed with prejudice Plaintiff's exact forgery, fraud, and falsification of documents claims in his prior federal court case.  *See Lopez*, 2021 WL 8450443, at *2.  Rather than filing an amended complaint in his prior federal action as to the RICO claim, Plaintiff brought an entirely new lawsuit with nearly identical allegations.  The Court therefore finds Plaintiff's allegations of fraud, falsification of documents, forgery, and ethical complaints are both brought in bad faith and malicious.  For the reasons set forth below, in addition to being malicious, Plaintiff's allegations are insufficient to state a claim.

3. <u>Failure to State a Claim</u>

a. *Forgery, Fraud, and Money Laundering*

Plaintiff alleges Defendants falsified documents, laundered money, forged his son-in-law's signature, and committed fraud.  These allegations stem from an allegedly false will of Plaintiff's late son-in-law, John R. Dunstan, and probate proceedings in San Diego Superior Court.  As there is no civil cause of action for falsification or forgery of documents, nor for money laundering, only Plaintiff's fraud claim remains.  *Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-CV-0899, 2014 WL 3687494, at *4 (E.D. Cal. July 23, 2014) ("forgery … cannot be maintained in a civil cause of action.").  There is a heightened pleading standard for fraud, the circumstances of which must be pled "with particularity."  Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted).  A fraud claim must

also plead the elements for fraud under state law.  In California, those elements are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Id.* at 1126 (internal citation omitted).

For his fraud claim, Plaintiff requests this Court to issue a declaratory judgment finding fraud "by defrauding Leon G. Lopez/John R. Dunstan Living/Trust ESTATE (Owner, Leon G. Lopez)." (Compl. ¶¶ 14-15.)  Plaintiff fails to state allegations with particularity.  It is unclear what the specific misrepresentation is, who knew it was false and how, and whether there was an intent to defraud.  Furthermore, the record in Plaintiff's first case in this Court demonstrates Plaintiff cannot establish he relied on the allegedly fraudulent will.  *See Lopez*, 2021 WL 8450443, at *2 (stating "Plaintiff cannot plausibly assert the justifiable reliance element" because he "disregarded, rather than relied on" the will).  The same is true here.  Thus, the Court dismisses Plaintiff's fraud claim with prejudice.

### b. *RICO*

"To state a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Abcarian v. Levine*, 972 F.3d 1019, 1028 (9th Cir. 2020) (internal quotations and citations omitted).

Plaintiff alleges a "RICO Court Conspiracy" resulted in Plaintiff losing the Ulric Street property. (Compl. ¶¶ 9, 12.)  Plaintiff asks this Court to issue a declaratory judgment finding Plaintiff to be the owner of that property and pay treble damages under RICO in the amount of $11,006,172.  (*Id.* ¶ 12.)  Plaintiff alleges the attorneys involved in the probate matter of his son's estate misled Judge Katherine Bacal, presiding over the probate matter, by submitting fraudulent documents to the court, (*id.* ¶ 3), and thereby inducing the court to issue an improper ruling. (*Id.*)  Accepting these facts as true, Plaintiff's complaint fails to allege a plausible claim for relief.  *Twombly*, 550 U.S. at 570.

First, it is unclear if Plaintiff is attempting to name Judges Julia C. Kelety or Katherine Bacal as defendants in this matter. To the extent Plaintiff is attempting to do so, it is impermissible. Judges "are granted absolute immunity for their judicial actions in order to safeguard independent and principled judicial decision making." *Meek v. Cty. of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999) (citing *Forrester v. White*, 484 U.S. 219, 226–27 (1988)). As such, Judges Kelety and Bacal are immune from civil liability for acts performed in their judicial capacity. Plaintiff's claims against Judges Kelety and Bacal are therefore dismissed without leave to amend. *See Martinez v. United States*, 838 Fed.App'x 662, 664 (9th Cir. 2020) (affirming district court dismissal without leave to amend because lawsuit challenged judicial conduct covered by immunity).

Second, Plaintiff has failed to sufficiently allege the pattern and predicate acts to his RICO claim. Additionally, it is unclear from the pleadings who is involved in the alleged enterprise. Without these details, Plaintiff's complaint fails to provide notice of the particulars of his RICO claim. Accordingly, Plaintiff's RICO claim is dismissed, with leave to amend.

### C. Conclusion and Order

For these reasons:

1. Plaintiff's Motion to Proceed IFP is **GRANTED**;
2. The Complaint is **DISMISSED** with prejudice as to the falsification of documents, forgery, fraud, ethical, and money laundering claims; and
3. The Complaint is **DISMISSED** with leave to amend, as to the RICO claim. Plaintiff may file an amended complaint within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

Dated:  May 1, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court